IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEVANTE R. HILL, *sui juris*, <br><br> Plaintiff, <br><br> v. <br><br> CORY P. SIMS, THE ALBERTELLI FIRM, P.C., et al., <br><br> Defendants. | CIVIL ACTION NO. <br><br> 1:22-cv-02193-CAP-CMS |

## <u>O R D E R</u>

Plaintiff is proceeding in this case without counsel. Plaintiff's complaint appears to be seeking $5.5 million dollars for wrongful foreclosure, breach of contract, forgery, and violation of the FDCPA against six named defendants, including the State of Georgia, under the universally rejected "vapor money" and/or "unlawful money" theories. [Doc. 1, Compl., at 2]. *See Buckley v. Bayrock Mortg. Corp.*, No. 1:09-cv-1387-TWT, 2010 WL 476673 (N.D. Ga. Feb. 5, 2010).

Plaintiff's Complaint alleges, among other things, that: (1) he applied for a loan [Doc. 1 at 4]; (2) the unidentified "bank" refused to loan him legal tender to fund the alleged bank loan check [*id.* ¶ 25]; (3) the bank recorded a forged promissory note as a loan from Plaintiff to the bank, and then used that loan to fund the alleged bank loan check back to him [*id.* ¶¶ 27–28]; (4) the electronic credits called the mortgage loan were generated by Plaintiff's signature on the

promissory note, but there was no exchange of money in the mortgage loan [*id.* ¶¶ 31, 34]; (5) the original debt was zero because Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange [*id.* ¶ 41]; and (6) the bank denied him equal protection under the law by failing to disclose if the promissory note was money or not money, and then recording the promissory note as an unauthorized loan from the plaintiff to the bank [*id.* ¶¶ 61(l–o)].

In reviewing Plaintiff's Complaint, the Court has determined, among other deficiencies, that it is a "shotgun pleading."  The Eleventh Circuit has identified four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate each cause of action or claim for relief into a different count; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–22 (11th Cir. 2015).  "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

As presently drafted, Plaintiff's Complaint is a shotgun pleading under all four categories enumerated by the Eleventh Circuit. First, although the Complaint attempts to separate each cause of action into a different count, the allegations merely parrot some of the elements of his claims, without identifying which defendant or defendants allegedly violated which statute or law, making it impossible for the Court to determine what claims Plaintiff intends to bring against each defendant. The Complaint asserts multiple causes of action, but again does not identify which defendant or defendants he is bringing his allegations against, or what facts support each claim. Plaintiff's claims for wrongful foreclosure, violation of the FDCPA, breach of contract, and forgery are distinct claims that should be supported by different sets of facts. *See Nurse v. City of Alpharetta*, No. 1:17-CV-1689-TWT, 2018 WL 780613, at *5 (N.D. Ga. Feb. 7, 2018) (holding that the amended complaint failed to meet the pleading requirements of Rule 8(a) where claims for both hostile work environment and discrimination were asserted in the same count); *see also Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997) (condemning as a prohibited shotgun pleading a complaint that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims"). Next, as noted above, Plaintiff has named six defendants in his Complaint, but he does not specify which

defendants are responsible for which acts or omissions, thereby further rendering his Complaint a shotgun pleading.

The appropriate remedy when a shotgun pleading occurs is for the Court to require the plaintiff to re-plead his claims. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). This is true even if the plaintiff does not ask for the opportunity to re-plead. *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) (citation omitted). "Before dismissing a complaint with prejudice on shotgun-pleading grounds, the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018). Moreover, "[w]hen it appears that a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice." *Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, '[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'") (citation omitted).

Here, Plaintiff, an unrepresented litigant, has not previously amended his Complaint, and because he has not yet alleged any well-pleaded facts to support

any claim, I cannot say (with the exception of his vapor money allegations) that any attempt to amend his allegations would be futile. Although Plaintiff did not request leave to file an amended complaint, I find that justice requires that Plaintiff be given an opportunity to do so and provide additional facts with respect to his claims. There will be no prejudice to defendants if Plaintiff is given this chance to amend; the defendants may file dispositive motions, if appropriate, and/or answers to any amended complaint. Accordingly, I will give Plaintiff an opportunity to file an Amended Complaint that complies with the Federal Rules of Civil Procedure,[1] the Local Rules of this Court,[2] and the pleading standards articulated by the United States Supreme Court and the Eleventh Circuit Court of Appeals.

If Plaintiff elects to file an Amended Complaint, it must contain a short and plain statement of all his claims against each defendant and must separate each cause of action into a different count. Plaintiff must clearly present each claim, identify the facts and acts by each defendant that support each claim, state the time and/or date the facts and/or acts took place and where, and identify the legal

---

[1] Federal Rule of Civil Procedure 10 requires that each claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

[2] Local Rule 5.1 specifies the type and format required for documents presented to the Court for filing and includes the requirement that documents be double-spaced between the lines and specifies the fonts, margins, and captions required, among other things. The Federal Rules of Civil Procedure and Local Rules of this Court are available on the Court's website at *http://www.gand.circ11.dcn/rules- standing-orders-forms*.

theories under which he is proceeding. Each allegation must be simple, concise, and direct so as to give each defendant fair notice of what the claims are and the grounds upon which they rest. Each claim must be presented in a separate numbered count, with each paragraph in that count limited to a single set of circumstances. Plaintiff should also remove all general, conclusory, vague, and immaterial facts from his Amended Complaint.

If Plaintiff wishes to pursue this civil action, he must file an Amended Complaint correcting the aforementioned deficiencies no later than **Friday, June 17, 2022**. Plaintiff is cautioned that the failure to file an Amended Complaint that conforms with the federal and local rules as outlined above within this timeframe may result in the dismissal of this lawsuit with prejudice. If Plaintiff does not wish to pursue his claims, he need take no further action, and the Court will recommend dismissing the case after the expiration of the time period specified above.

The Clerk of Court is **DIRECTED TO STRIKE** Plaintiff's original Complaint from the docket [Doc. 1] as a prohibited shotgun complaint.

**SO ORDERED AND DIRECTED**, this 3rd day of June, 2022.

Catherine M. Salinas
United States Magistrate Judge