## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DEVANTE HILL,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT CARUSO, CEO d/b/a SERVICEMAC, LLC and STEVEN STONE, VICE PRESIDENT d/b/a OCEANSIDE MORTGAGE COMPANY,<br><br>    Defendants. | Case No. 1:22-cv-02193-CAP-CMS |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW, Robert Caruso ("Mr. Caruso") and Steven Stone ("Mr. Stone") (sometimes collectively, "Defendants"), and file this Memorandum of Law in Support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (5) and Rule 41(b), respectfully showing this Honorable Court as follows:

### STATEMENT OF FACTS

In this action, Plaintiff DeVante Hill brings practically incomprehensible claims related to a mortgage loan that he obtained from Oceanside Mortgage Company on June 22, 2019. *See* [Doc. 9] at pp. 12-14. The copy of the promissory

1

note attached to the Amended Complaint shows that the loan was in the amount of $221,990.00, and the public records (which this Court can take judicial notice of pursuant to Fed. R. Evid. 201), shows that this loan is secured by a security deed that the Plaintiff executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Oceanside Mortgage Company ("Oceanside"), its successors, and assigns (the "Security Deed"). The Security Deed was recorded on July 1, 2019, in Deed Book 15642, Page 3486, Cobb County, Georgia records. A true and correct copy of the Security Deed is attached hereto as **Exhibit "A"**. The Security Deed conveyed the property located at 4920 Pippin Drive NW, Acworth, Georgia 30101 (the "Property"). *See id.* at p. 3.

MERS assigned the Security Deed to Oceanside via assignment executed on January 27, 2021, and recorded on January 27, 2021, in Deed Book 15858, Page 3247, Cobb County, Georgia records (the "Assignment"). A true and correct copy of the Assignment is attached hereto as **Exhibit "B"**.

The Plaintiff's Amended Complaint [Doc. 9] is rife with theories commonly espoused by sovereign citizens trying to erase their mortgage debt without paying a penny. *See, e.g., Hayes v. South Carolina Fed. Credit Union*, No. 11-80131-JW, 2011 WL 4566378, at *3 (Bankr. D.S.C. Sept. 22, 2011). The Plaintiff starts out by claiming that the promissory note he signed in favor of Oceanside – promising to

pay Oceanside $221,990.00 – was actually "an instrument in full satisfaction of [Oceanside's] claim." [Doc. 9] at p. 2, ¶ 3(b). He then goes on to allege that on November 5, 2021, he sent to Mr. Stone and Mr. Caruso (separately), "an affidavit of notary presentment, a qualified written request, and a cease and desist." *Id.* at ¶ 3(c). The Plaintiff identifies Mr. Stone as the Vice President of Oceanside, and Mr. Caruso as the CEO of ServiceMac, LLC. *Id.* The Plaintiff claims that he received a response to this letter from "Defendants," but the exhibit referenced in the Amended Complaint shows a letter from Oceanside in its corporate capacity. *See id.* at pp. 27-29. The letter states that Oceanside owns the mortgage loan and is the servicer of the loan, with ServiceMac, LLC being the sub-servicer. *Id.*

Apparently not satisfied that he still had a debt he could not extinguish without payment, the Plaintiff sent another letter to Mr. Stone and Mr. Caruso on April 26, 2022, containing "an affidavit of notary presentment, a notice of default in dishonor and consent to judgment and notice of estoppel barring steven stone and/or robert caruso from claiming i owe a debt to oceanside mortgage company and/or servicemac, llc [*sic*]." *Id.* at p. 4, ¶ 3(j).

The Plaintiff next alleges that he recorded several documents in the real estate records in Cobb County: (1) "Revocation of Power of Attorney"; (2) "TILA Rescission of Signature"; (3) "Amended and Restated Promissory Note"; (4)

"Notice of replacement of trustee, grantee, nominee, and beneficiary"; and (5) "Affidavit of Truth". *Id.* at p. 5, ¶ 3(j)(vi). The "TILA Rescission of Signature" states that the Plaintiff is rescinding the loan transaction because she [*sic*] was not provided with the type of notice of her right of rescission under the Truth in Lending Act ('TILA'), 15 U.S.C. § 1601 et seq . . ." [Doc. 9] at p. 61. The other documents contain utter nonsense, such as a purported promissory note stating that Oceanside and ServiceMac are indebted to the Plaintiff for $221,900.00. *See* [Doc. 9] at p. 63. This document is signed by the Plaintiff, not Oceanside or ServiceMac. *Id.* at p. 64. Another document tries to change the grantee in the Security Deed to the "DEVANTE REESE HILL TRUST" and states that the Plaintiff is "an Illinoisan, American National in accordance with Title 8 U.S.C. § 1101(a)(21), a credible living, self-aware sentient MAN."[1] [Doc. 9] at p. 65. The "Affidavit of Truth" tries to state that the Plaintiff has no contracts with Oceanside or ServiceMac. [Doc. 9] at pp. 68-70. This is despite the Plaintiff admitting earlier in the Complaint to signing the subject promissory note in favor of Oceanside. *See id.* at p. 2, ¶ 3(b).

As for his claims, the Plaintiff states the following as his "Notice of Violations":

---

[1] Confusingly, the Plaintiff refers to himself as a woman in the "TILA Rescission of Signature".

4

> a. The defendants acceptance and approval of all of the terms of the conditional acceptance and failure to respond to TILA rescission and revocation of power of attorney stipulates the defendants agreement of financial obligations to the plaintiff in the amount of:
>    i.    $45,000.00 (forty five thousand united states dollars 00/100) for the total amount paid out of pocket to defendants by or on behalf of plaintiff.
>    ii.   $5000 (five thousand united states dollars 00/100) for violation of rights
>    ii.   $50,000 (fifty thousand united states dollars 00/ 100) for legal fees; and
>    iv.   $50,000 (fifty thousand dollars united states dollars 00/100) for mental duress
> b. Totaling $150,000.00 (one hundred fifty thousand united states dollars 00/100).

[Doc. 9] at p. 6, ¶ 5.

He then goes on to state that he is seeking free and clear title to the Property, a declaratory judgment in the amount of $150,000.00, and "the declaration of a permanent injunction against the defendants from taking any actions against the collateral."

The Plaintiff originally filed this action on June 2, 2022. [Doc. 1]. In that Complaint, the Plaintiff named several parties, including Oceanside and ServiceMac (but not Mr. Stone or Mr. Caruso). *See* [Docs. 1, 2]. The next day, this Court entered an Order striking the original Complaint as a shotgun pleading and

directing that the Plaintiff file an Amended Complaint by June 17, 2022. [Doc. 3].

This Order said that

> If Plaintiff elects to file an Amended Complaint, it must contain a short and plain statement of all his claims against each defendant and must separate each cause of action into a different count. Plaintiff must clearly present each claim, identify the facts and acts by each defendant that support each claim, state the time and/or date the facts and/or acts took place and where, and identify the legal theories under which he is proceeding. Each allegation must be simple, concise, and direct so as to give each defendant fair notice of what the claims are and the grounds upon which they rest. Each claim must be presented in a separate numbered count, with each paragraph in that count limited to a single set of circumstances. Plaintiff should also remove all general, conclusory, vague, and immaterial facts from his Amended Complaint.

*Id.* at pp. 5-6.

The Order went on to state that the "Plaintiff is cautioned that the failure to file an Amended Complaint that conforms with the federal and local rules as outlined above within this timeframe may result in the dismissal of this lawsuit with prejudice." *Id.* at p. 6.

The same day that this Order was entered, the Plaintiff filed an Amended Complaint that did not comply at all with the Court's directive (likely because the Plaintiff had not seen the Order yet). [Doc. 4]. Thereafter, the Plaintiff filed two motions seeking an extension of time to file an Amended Complaint in compliance with the Court's directions, with him ultimately receiving an extension until

August 1, 2022. *See* [Docs. 5, 6, 7, 8]. However, the Plaintiff did not file an Amended Complaint until August 4, 2022. [Doc. 9].

The operative Amended Complaint does not name Oceanside or ServiceMac, but rather Mr. Stone and Mr. Caruso individually (although the case caption states that they are both doing business as Oceanside and ServiceMac). The summonses were issued to them individually, as well. *See* [Doc. 10, 11]. Nevertheless, the Plaintiff tried to serve Mr. Stone and Mr. Caruso through the Georgia registered agents for their respective employers. *See* [Docs. 12, 13]. the returns of service show that the Plaintiff attempted to serve Mr. Stone through Incorp Services, Inc. [Doc. 12] and Mr. Caruso through Corporate Creations Network, Inc. [Doc. 13]. Incorp Services is the Georgia registered agent for Oceanside, and Corporate Creations Network is the Georgia registered agent for ServiceMac. *See* Georgia Secretary of State Records for Oceanside and ServiceMac, collectively attached hereto as **Exhibit "C"**. The Amended Complaint indicates that Mr. Stone resides in New Jersey, and Mr. Caruso resides in South Carolina. *See* [Doc. 9] at p. 2, ¶ 2(b)-(c).

Service in the manner attempted by the Plaintiff is improper and this Court lacks personal jurisdiction over Mr. Stone and Mr. Caruso (both because there was no service and because there is no indication that either has any connection to

Georgia). Additionally, the case should be dismissed with prejudice because the Plaintiff failed to timely file the Amended Complaint and failed to comply with the Court's pleading instructions.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    THERE HAS BEEN NO SERVICE OF PROCESS ON EITHER DEFENDANT**

Initially, the Defendants will address the purported service of process on each of them. The Defendants first note that this Court has concluded that a motion to dismiss for insufficient service of process is premature until the deadline for service under Rule 4(m) – 90 days from the date the Complaint is filed – to effect service has passed. *See Johnson v. Wells Fargo & Co.*, No. 1:20-CV-2074-TWT-JSA, 2020 WL 10054620, at *4 (N.D. Ga. July 31, 2020) (collecting cases). However, the Defendants are not aware of any Eleventh Circuit precedent holding as such and they do not want to waive their right to challenge service. *See, e.g.,* Fed. R. Civ. P. 12(h)(1)(A). Should this Court decide the motion is premature, the Defendants request that their motion (if not granted for other reasons set forth herein) be held in abeyance until the Rule 4(m) deadline has expired. *See Johnson*, 2020 WL 10054620, at *5 (holding motion in abeyance). "Valid service of process is a prerequisite for a federal court to assert personal jurisdiction over a defendant." *Laster v. City of Albany, Ga, Water, Gas & Light Co.*, 517 F. App'x 777, 777 (11th

Cir. 2013) (citing *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)).

"An objection to service of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." *Id.* at *3 (collecting cases). "The serving party . . . bears the burden of proof with regard to validity of service." *Id.* (collecting cases). Under Fed. R. Civ. P. 4(e), an individual can be served by:

> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> **(2)** doing any of the following:
> > **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> > **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Georgia law is essentially the same, stating that individuals must be served "personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. O.C.G.A. § 9-11-4(e)(6).

Here, the returns of service show that the Plaintiff attempted to serve Mr. Stone through Incorp Services, Inc. [Doc. 12] and Mr. Caruso through Corporate Creations Network, Inc. [Doc. 13]. Incorp Services is the Georgia registered agent for Oceanside, and Corporate Creations Network is the Georgia registered agent for ServiceMac. Neither is an agent for the individuals who were purportedly served through them and there is no authority whatsoever that a corporation's registered agent is an agent for service of process for employees of the corporation. *See, e.g., United States ex rel. Guo v. Nat'l Endowment for Democracy*, No. 1:18-CV-02986 (TNM), 2022 WL 503765, at *3 (D.D.C. Feb. 18, 2022) (plaintiff did not validly serve individual defendant by serving registered agent of corporate defendant she was officer of); *Myers v. Clayton Cnty. Dist. Attorney's Office*, 849 S.E.2d 252, 255 (Ga. Ct. App. 2020) (service on employee of district attorney's office improper when service attempted on authorized agent for district attorney).

"[W]here a plaintiff claims that the person on whom process was served was a defendant's agent, the plaintiff must present facts and circumstances showing that the agent had specific authority, express or implied, to receive service of process on the defendant's behalf." *Brooks v. Knutson*, No. CV 21-0302-WS-MU, 2021 WL 4302534, at *3 (S.D. Ala. Sept. 21, 2021) (quoting *Baxter v. Ameriquest Mortg. Co.*, No. 04-0719-WS-C, 2005 WL 8158712, at *3 (S.D. Ala. Jan. 27,

2005)). "Claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction; there must be evidence that the defendant intended to confer that authority upon the agent in order to satisfy the terms of Rule 4(e)(2)." *First Sw. Fin. Servs., LLC v. Best Light, LLC*, No. 13-20049-CIV, 2015 WL 13777174, at *9 (S.D. Fla. Feb. 6, 2015), *report and recommendation adopted*, No. 13-20049-CIV, 2015 WL 13777173 (S.D. Fla. Feb. 23, 2015) (quoting 4A Charles A. Wright & Arthur R. Miller, Fed. Practice and Procedure § 1097 (3d ed. 2002)).

Here, the returns of service do not provide any evidence that the corporate registered agents were authorized to accept service of process on behalf of Mr. Stone or Mr. Caruso, and the Plaintiff has not provided any other evidence to show this. It is incumbent on the Plaintiff to "present facts and circumstances showing that the agent had specific authority, express or implied, to receive service of process on the defendant's behalf." *Brooks*, 2021 WL 4302534, at *3. The Plaintiff has failed to do so, and this Court should dismiss this case for insufficiency of service of process and lack of personal jurisdiction.

**B.     IF THE DEFENDANTS ARE EVER VALIDLY SERVED, THIS COURT LACKS PERSONAL JURISDICTION OVER THEM**

If the Plaintiff ever validly serves either Defendant, this Court should still dismiss the case because, as citizens of other states with no connection to Georgia, this Court lacks personal jurisdiction over them.

> Jurisdiction "consistent with the Constitution and laws of the United States" is that which comports with due process. Considerations of due process require that a non-resident defendant have certain minimum contacts with the forum, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Borg–Warner Acceptance Corp. v. Lovett & Tharpe, Inc.,* 786 F.2d 1055, 1057 (11th Cir.1996), quoting *International Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The nature and quality of these contacts, however, vary depending upon whether the type of personal jurisdiction being asserted is specific or general.

> Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint. *Madara v. Hall,* 916 F.2d 1510, 1516 n. 7 (11th Cir.1990), citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 nn. 8 & 9, 104 S.Ct. 1868, 1872 nn. 8 & 9, 80 L.Ed.2d 404 (1984). It has long been recognized that a court has the minimum contacts to support specific jurisdiction only where the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The requirement that there be minimum contacts is grounded in fairness. It assures that "the defendant's conduct and connection with the forum State [is] such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

> General personal jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state. *Borg–Warner,* 786 F.2d at 1057, citing *Hall,* 466 U.S. at 412–13, 104 S.Ct. at 1872–73.

*Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291–92 (11th Cir. 2000).

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citations omitted).

Here, the Plaintiff has alleged absolutely nothing in the Amended Complaint that connects either Mr. Stone or Mr. Caruso to Georgia. He only alleges that he sent them letters to locations in New Jersey and South Carolina, and the exhibits attached to his Complaint show that the only response he ever received was from Oceanside in its corporate capacity, without any reference to Mr. Stone. *See* [Doc. 9] at pp. 27-28. Even if Mr. Stone was connected to this letter somehow, a single letter sent to the forum state is not enough to confer personal jurisdiction. *See Bartko v. Delta Air Lines, Inc.*, No. 1:08-CV-2688-WSD-RGV, 2009 WL 10654601, at *9 (N.D. Ga. May 8, 2009), *report and recommendation adopted*, No. 1:08-CV-2688-WSD-RGV, 2009 WL 10656032 (N.D. Ga. June 18,

13

2009) (collecting cases). If the Plaintiff could establish jurisdiction simply by sending a letter, nearly every citizen would be subject to personal jurisdiction in every single state they have received mail from. This is not so, and the Plaintiff has failed in his burden to establish personal jurisdiction over the Defendants.

**C.    THE AMENDED COMPLAINT DOES NOT COMPLY WITH THE DIRECTIONS IN THE COURT'S PRIOR ORDER**

While dismissal for lack of personal jurisdiction or insufficient service of process would be without prejudice, this Court should proceed to dismiss this case with prejudice based on the Plaintiff's clear failure to comply with this Court's pleading instructions and failure to timely file the Amended Complaint. Alternatively, this failure gives the Court additional grounds to dismiss without prejudice.

Fed. R. Civ. P. 41(b) provided that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action of any claim against it." A dismissal under Rule 41(b) can only be with prejudice when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005) (collecting cases).

Here, there is no question that the Plaintiff failed to comply with this Court's orders. First, he failed to file the Amended Complaint by August 1, 2022, and provided no explanation for the delay. The August 1 deadline had already been extended twice from the initial deadline of June 17, 2022. Then, when he finally filed his Amended Complaint, the Plaintiff failed in all respects to comply with the Court's pleading instructions, which were as follows:

> If Plaintiff elects to file an Amended Complaint, it must contain a short and plain statement of all his claims against each defendant and must separate each cause of action into a different count. Plaintiff must clearly present each claim, identify the facts and acts by each defendant that support each claim, state the time and/or date the facts and/or acts took place and where, and identify the legal theories under which he is proceeding. Each allegation must be simple, concise, and direct so as to give each defendant fair notice of what the claims are and the grounds upon which they rest. Each claim must be presented in a separate numbered count, with each paragraph in that count limited to a single set of circumstances. Plaintiff should also remove all general, conclusory, vague, and immaterial facts from his Amended Complaint.

[Doc. 3] at pp. 5-6.

The Amended Complaint does not contain any counts whatsoever (numbered or not) and does not allege any acts taken by either Defendant. It simply says that the Plaintiff mailed them letters. There is no indication of what, if any, claims, are being asserted against each particular Defendant. In fact, it is not even clear who the Plaintiff wants to sue. The case caption states that the Defendants are

"Robert Caruso, CEO d/b/a ServiceMac, LLC" and "Steven Stone, Vice President d/b/a Oceanside Mortgage Company." The body of the Amended Complaint drops the bogus "d/b/a" designations[2] and the summonses were issued simply to "Robert Caruso" and "Steven Stone". Mr. Caruso and Mr. Stone, as shown by the public records, do not hold the Security Deed or have any other interest in the Property.

The Plaintiff has had ample time to prepare the Amended Complaint, and his delay and failure to comply with the Court's instructions are inexcusable. This case has been pending for over three months and the Plaintiff has yet to assemble a coherent pleading. Instead, he continues to assert sovereign citizen-style arguments in an attempt to steal his house from his mortgage lender. Dismissing the case without prejudice will also certainly ensure that the Plaintiff returns to this Court to try again with the same nonsense. This Court should find that sufficient grounds exist to dismiss this case with prejudice. And even if this Court decides that lesser sanctions could suffice, it should again order that an Amended Complaint be filed that complies with the Court's pleading instructions.

---

[2] They are bogus because, as shown by the Georgia Secretary of State's records, Oceanside and ServiceMac are standalone companies. An individual cannot "do business as" as an organized company since a "d/b/a" is for a fictitious trade name. *See Bonner v. Leon*, No. 2:13-CV-1858-APG-VCF, 2014 WL 3730314, at *2 (D. Nev. July 28, 2014).

16

## **CONCLUSION**

Based on the foregoing, the Defendants respectfully request that this Court grant their Motion to Dismiss.

Respectfully submitted, this 22nd day of September, 2022.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (GA Bar No. 720572)
>PATTY WHITEHEAD (GA Bar No. 258296)
>**RUBIN LUBLIN, LLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, GA 30071
>(678) 281-2730 (Telephone)
>(470) 508-9203 (Facsimile)
>bchaness@rlselaw.com
>pwhitehead@rlselaw.com
>
>*Attorneys for Robert Caruso and Steven Stone*

## FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted, this 22nd day of September, 2022.

                                        */s/ Bret J. Chaness*
                                      BRET J. CHANESS (GA Bar No. 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 22nd day of September, 2022, served the Plaintiff in this matter with the within and foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

DeVante Hill
P.O. Box 2232
Acworth, GA 30102

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)