## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 13 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

DeVante R. Hill, sui juris

                    Plaintiff

vs.

Steven Stone, Vice President d/b/a

Oceanside Mortgage Company

Robert Caruso, CEO d/b/a ServiceMac,

LLC

                    Defendants

CIVIL ACTION

NO.: 1:22-CV-02193 - CAP

Re: Motion to Dismiss

### <u>Plaintiff's Response to Motion to Dismiss</u>

COMES NOW, Plaintiff, DeVante Hill, sui juris, and files this memorandum of law in support of opposition to motion to dismiss, respectfully showing this Honorable Court as follows.

### Facts

1. On the opposing attorneys' requests that the matter be dismissed, I have to document the fact that I have a legitimate right to contest, a legitimate right to bring forth the controversy, a legitimate right to be heard. I contend that payment was tendered in compliance with the law, 12 USC 412, and that there is no evidence on the record that I did not tender the application along with the note at closing which fulfilled my obligations, and included the

requirement of the collateral security. So there can be no dismissal, they now must be placed on the record to show proof of an outstanding debt and not a presumption of an outstanding debt because the evidence that I have put on the record has overcome any presumptive proof.

### Answer

2. The defenses' position is that "The Plaintiff's Amended Complaint [Doc. 9] is rife with theories commonly espoused by sovereign citizens trying to erase their mortgage debt without paying a penny." (page 2)

   a. I rebut any attempts to be associated with sovereign citizens.

   b. I rebut the assumption that the plaintiff is trying to erase mortgage debt without paying a penny. I assert that DEVANTE HILL has followed the law and tendered payment in accordance with the sixth paragraph of section 18 of the Federal Reserve Act, as amended by section 401 of the Act approved March 9, 1933.

   c. Therefore I have discharged the debt. See. chartis specialty insurance v. queen anne hs, llc 867 f. supp. 2d 1111 (w.d. wash. 2012) standard english dictionaries confirm that the ordinary meaning of "pay" encompasses payment by promissory note. to "pay" means "to satisfy (someone) for services rendered or property delivered," to "discharge an obligation to," "to give in return for goods or service," or "to discharge indebtedness for." webster's 3d new int'l dictionary 1659 (2002). none of these definitions prohibits payment with a promissory note. to "pay" can also mean "to engage for money," id., but the plethora of broader meanings demonstrates that the exchange of money or property is not necessary for payment. the requirement of "actual" payment does not make a material difference. that which is

"actual" is "existent—contrasted with potential and possible," or "existing in fact or reality" or "really acted or carried out—contrasted with ideal and hypothetical." id. at 22. under these definitions, a promissory note is as "actual" a form of payment as cash or property. the only definition that arguably supports chartis's view is an alternate definition "something actually received or at hand (as a cash receipt or a market commodity) as distinct from estimated or expected." id. Putting aside the financial-market context of that definition, a promissory note "actually received" is arguably "actual" even under the alternate definition.

3. The defense cites "Hayes v. South Carolina Fed. Credit Union No. 11-80131-JW, 2011 WL 4566378, at *3 (Bankr. D.S.C. Sept. 22, 2011)" (page 2)  in support of their claim.

   a. Upon research of this case, this citation shows that the venue was the United states bankruptcy court for the district of south carolina, and that this was the debtor's attempted second time filing bankruptcy.

   b. The debtor makes no claims that the creditor did not follow the federal reserve act, it also mentions that debtor filed a bill of exchange "The "Bill of Exchange" is signed by Debtor and purports to be payable to the United States Bankruptcy Court District of South Carolina in the amount of $3,659,438.00." DEVANTE HILL has not submitted payment into this honorable court nor has he filed bankruptcy.

   c. This citation applied by the moving party does not apply, bears no resemblance to this case and therefore should be ignored.

4. The defense states "the Plaintiff did not file an Amended Complaint until August 4, 2022." (page 7)

    a. The plaintiff mailed in amended complaint certified mail to this honorable court on august 1st, 2022 and it was received and filed on august 4th, 2022.

    b. Plaintiff would like to express to this honorable court under Rule 6 (b)(1), that the court may and has shown, and for which he expresses gratitude, to extend the time with or without motion or notice. Plaintiff has also provided proof of mailing of amended complaint by deadline date and contends that the documents received august 4th, 2022 would be the same documents delivered to the clerk or electronically filed by deadline date.

    c. See exhibit a

5. The defense states "Nevertheless, the Plaintiff tried to serve Mr. Stone and Mr. Caruso through the Georgia registered agents for their respective employers." (page 7)

    a. Plaintiff rebuts and states the affidavit of service list Steven Stone VP d/b/a Oceanside Mortgage Company and Robert Caruso CEO d/b/a Servicemac, LLC as the respondents not Mr. Stone or Mr. Caruso.

6. The defense states "Service in the manner attempted by the Plaintiff is improper and this Court lacks personal jurisdiction over Mr. Stone and Mr. Caruso."

    a. Plaintiff rebuts and states neither the complaint, summons, or affidavit of service mentions any person specifically named Mr. Stone and/or Mr. Caruso as a party to this complaint. The complaint, summons, and affidavit of service, however, does list Steven Stone VP d/b/a

Oceanside Mortgage Company and Robert Caruso CEO d/b/a
Servicemac, LLC as defendants.

7. The defense states "Additionally, the case should be dismissed with
   prejudice because the Plaintiff failed to timely file the Amended Complaint
   and failed to comply with the Court's pleading instructions." (page 8)

   a. Plaintiff states that when an Appellant/Petitioner in the case at a bar is
      proceeding pro se, this honorable Court has a higher standard when
      faced with review of his pleadings, especially when Ruling on a
      motion to dismiss, White v. Bloom F.2d 276[1] clearly makes this point:
      "A court faced with a motion to dismiss a pro se complaint must read
      the complaint's allegations expansively, Haines v. Kerner 404 U.S.
      519, 520-21, S. Ct. 594, 596, 60 L.Ed. 2d 652 (1972), and take them
      as true for purposes of deciding whether they state a claim. Cruz v.
      Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263
      (1972)."

8. The defense states "the returns of service show that the Plaintiff attempted to
   serve Mr. Stone through Incorp Services, Inc. [Doc. 12] and Mr. Caruso
   through Corporate Creations Network, Inc. [Doc. 13]. Incorp Services is the
   Georgia registered agent for Oceanside, and Corporate Creations Network is
   the Georgia registered agent for ServiceMac. Neither is an agent for the
   individuals who were purportedly served through them and there is no
   authority whatsoever that a corporation's registered agent is an agent for
   service of process for employees of the corporation." (page 10)

   a. Plaintiff rebuts that returns of service show anyone named Mr. Caruso
      or Mr. Stone.

    b. Plaintiff rebuts that Steven Stone VP d/b/a Oceanside Mortgage Company and Robert Caruso CEO d/b/a Servicemac, LLC are not just employees but are agents of their respective entities.

    c. Rule 4(e)(C) says an individual may be served by delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

    d. Service was proper as notice to agent is notice to principal, GA Code § 10-6-58.

    e. See The Mechanics Bank of Alexandria v. Louisa Maria Seton, 26 U.S. 299 (1828) "Notice to an agent is notice to his principal. If it were held otherwise, it would cause great inconvenience; and notice would be avoided in every case, by employing agents."

9. The defense referenced "United States ex rel. Guo v. Nat'l Endowment for Democracy, No. 1:18-CV-02986 (TNM), 2022 WL 503765, at *3 (D.D.C. Feb. 18, 2022)" (page 10) to support his position.

    a. Plaintiff's research shows that in complaint Relators says that Zhang "resides in Sweden", Relators attempted to serve Zhang under Rule 4(e) and that Relators made no attempt to serve Zhang under the rule that applies to him (Rule 4(f)).

    b. Defense has not shown that neither Steven Stone VP d/b/a Oceanside Mortgage Company nor Robert Caruso CEO d/b/a Servicemac, LLC are not US Based Persons.

    c. Therefore, this citation applied by the moving party does not apply, bears no resemblance to this case and therefore should be ignored.

10. The defense cites Brooks v. Knutson, No. CV 21-0302-WS-MU, 2021 WL 4302534 "[W]here a plaintiff claims that the person on whom process was served was a defendant's agent, the plaintiff must present facts and circumstances showing that the agent had specific authority, express or implied, to receive service of process on the defendant's behalf." (page 10)

    a. The Plaintiff states that Incorp Services is the Georgia registered agent for the principal Oceanside Mortgage Company and Steven Stone is the agent for Oceanside Mortgage Company therefore notice to principal is notice to agent.

    b. Corporate Creations Network is the Georgia registered agent for the principal ServiceMac, LLC and Robert Caruso is the agent for ServiceMac, LLC therefore notice to principal is notice to agent.

    c. See exhibit b

11. The defense cites First Sw. Fin. Servs., LLC v. Best Light, LLC, No. 13-20049-CIV, 2015 WL 13777174, at *9 (S.D. Fla. Feb. 6, 2015), report and recommendation adopted, No. 13-20049-CIV, 2015 WL 13777173 (S.D. Fla. Feb. 23, 2015) "Claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction; there must be evidence that the defendant intended to confer that authority upon the agent in order to satisfy the terms of Rule 4(e)(2). (page 11)

    a. Plaintiff states that upon research it shows the statement inserted in support of claim by defense is actually in reference to the fact "Bronstein further contends that although the Proof of Service Affidavit filed by the Plaintiff in this action reflects that service of this action was made on him through his Codefendant Kohen, Bronstein

never authorized Kohen to accept service on his behalf, and thus the service was invalid." and that "In Response, Plaintiff contends that service was proper because Mr. Bronstein's business partner, Rani R. Cohen, represented that he had the authority to accept service of process on behalf of Mr. Bronstein, who was ill on the day that Mr. Bronstein and Mr. Kohen were supposed to meet with Plaintiff's Counsel to accept service of process."

    b. The plaintiff states he did not attempt to serve either defendant through a co defendant nor serve any business partner who represented they have authority to accept service of process on behalf of defendants.

    c. Therefore, this citation applied by the moving party does not apply, bears no resemblance to this case and therefore should be ignored.

12. The defense goes on to state "If the Plaintiff ever validly serves either Defendant, this Court should still dismiss the case because, as citizens of other states with no connection to Georgia, this Court lacks personal jurisdiction over them." Defense then goes on to cite "Borg–Warner Acceptance Corp. v. Lovett & Tharpe, Inc., 786 F.2d 1055, 1057 (11th Cir.1996)" in support of his position. (page 12)

    a. Plaintiff states upon research that the Discussion for this citation states "A state may constitutionally exercise personal "general jurisdiction" over a foreign corporation if there are continuous and systematic general business contacts between the state and the foreign corporation, even if the cause of action does not relate to the foreign corporation's activities in the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, **466 U.S. 408**, 104 S.Ct. 1868, 1872-73 & n. 9,

80 L.Ed.2d 404 (1984); Perkins v. Benguet Consolidated Mining Co.,
**342 U.S. 437**, 72 S.Ct. 413, 96 L.Ed. 485 (1952)." and that the
conclusion was "We conclude that Lovett & Tharpe's contacts with
Missouri were not so "continuous and systematic" as to permit the
exercise of general personal jurisdiction over them. Lovett & Tharpe
is a Georgia corporation; all the officers are residents of Georgia; and
Lovett & Tharpe is not licensed nor has it ever been licensed in
Missouri. There is no evidence that Lovett & Tharpe has an office or
employees in Missouri, that they solicit business in Missouri, that they
provide services or close sales in Missouri, that they sell products to
Missouri purchasers, that they purchase products from Missouri
sellers (other than in the instant transaction), or that they carry on any
other activity there."

b. Plaintiff states that both Steven Stone VP d/b/a Oceanside Mortgage
Company and Robert Caruso CEO d/b/a Servicemac, LLC conduct
substantial business in the state of georgia, that they provide services
and close sales in the state of georgia, and that they solicit business in
the state of georgia.

c. Using publicly available public records, Plaintiff states that both
Steven Stone VP d/b/a Oceanside Mortgage Company and Robert
Caruso CEO d/b/a Servicemac, LLC  have substantial connections to
Georgia via corporate assignment. The Corporate Assignment
explicitly states "FOR VALUE RECEIVED, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS
GRANTEE, AS NOMINEE FOR OCEANSIDE MORTGAGE
COMPANY, ITS SUCCESSORS AND ASSIGNS, located at P.O.

BOX 2026, FLINT, MICHIGAN 48501-2026, Assignor, does this day transfer, assign, convey, and deliver unto OCEANSIDE MORTGAGE COMPANY, located at 55 MAIN ST, TOMS RIVER, NJ 08753, Assignee, its successors, representatives, and assigns, all of Assignor's right, title, and interest in and to that certain Security Deed" and as representatives of the company they benefit from the assignment to security deeds and from the property described therein in the State of Georgia.

   d. Based on this information the Defendants meet the requirement of minimum contacts and shows the defendant's conduct and connection with the State of Georgia is such that he should reasonably anticipate being haled into court there.

   e. See exhibit c (redacted)

13. The defense states "There is no indication of what, if any claims, are being asserted against each particular Defendant. In fact, it is not even clear who the Plaintiff wants to sue. (page 15)

   a. The plaintiff stated in his complaint that he tendered an instrument in full satisfaction of the claim and that Oceanside Mortgage Company is supposed to be following the federal reserve act section 401 which would have discharged the debt.

   b. The plaintiff also mailed both Steven Stone VP d/b/a Oceanside Mortgage Company and Robert Caruso CEO d/b/a Servicemac, LLC a conditional acceptance upon proof of debt validation requesting documents and setting the terms of the presentment. The defendants were advised that failure to provide certified copies and or originals of the requested documents within twenty one (21) calendar days by

certified mail [for verification] will be silent acquiescence and tacit agreement that DEVANTE HILL has not debt to OCEANSIDE MORTGAGE COMPANY OR SERVICEMAC, LLC.

c. Defendants failed to timely respond to a conditional acceptance contract and notice of default with opportunity to cure contract and by operation of law accepted the terms therein.

14. The Defense states "Instead, he continues to assert sovereign citizen-style arguments in an attempt to steal his house from his mortgage lender." (page 16)

a. The plaintiff rebuts and states this is an oxymoron for it would be impossible for the plaintiff to steal his house.

b. Plaintiff also puts on the record that the closing disclosure and atla settlement statement both show that the credit came from the borrower and what was paid by or on behalf of the borrower at closing and that $0 is due from the borrower.

c. I rebut any association with sovereign citizens. The Defense failed to show where my complaint is rooted in sovereign citizen ideology. To my knowledge sovereign citizens make baseless claims not supported by law. All I've done is simply point out what the law says and how it should be followed and I've submitted documents showing I've attempted to resolve issues with both defendants dating back to November of 2021, they've refused to appropriately respond pursuant to the laws they were submitted under, they've defaulted and that there is a new contract in place that should be enforced.

d. See exhibit d

## CONCLUSION

15. Based on the foregoing, the Plaintiff respectfully requests that this honorable court deny the moving parties motion to dismiss.


Respectfully submitted, this 13th day of October, 2022.

by: *DeVante R Hill*

DeVante Hill, sui juris
Po Box 2232
Acworth, Georgia 30102


### Certificate of Service

I hereby Certify that, on this 13rd day of October, 2022 a true and complete copy of the foregoing judicial notice, has been filed with clerk and by depositing the same in the United States mail, postage paid, has been duly served upon representatives of all parties of record in these proceedings.

by: *DeVante R Hill*

DeVante Hill, sui juris
Po Box 2232
Acworth, Georgia 30102

# EXHIBIT A



**UNITED STATES POSTAL SERVICE ®**

```
                    OAK GROVE
               5944 HIGHWAY 92 STE 100
               ACWORTH, GA 30102-9998
                   (800)275-8777

08/01/2022                                    04:26 PM
------------------------------------------------------
Product                        Qty      Unit    Price
                                        Price
------------------------------------------------------
First-Class Mail®               1                $3.84
Large Envelope
    Atlanta, GA 30303
    Weight: 0 lb 11.70 oz
    Estimated Delivery Date
        Wed 08/03/2022
    Certified Mail®                               $4.00
        Tracking #:
        70203160000045379845
Total                                            $7.84
------------------------------------------------------
Grand Total:                                     $7.84
------------------------------------------------------
Debit Card Remitted                              $7.84
    Card Name: VISA
    Account #: XXXXXXXXXXXX6547
    Approval #: 662084
    Transaction #: 056
    Receipt #: 047132
    Debit Card Purchase: $7.84
    AID: A0000000980840        Chip
    AL: US DEBIT
    PIN: Verified       US DEBIT
------------------------------------------------------

       ****************************************
         Every household in the U.S. is now
          eligible to receive a third set
                 of 8 free test kits.
             Go to www.covidtests.gov
       ****************************************

        Text your tracking number to 28777 (2USPS)
         to get the latest status. Standard Message
          and Data rates may apply. You may also
          visit www.usps.com USPS Tracking or call
                      1-800-222-1811.

                   Preview your Mail
                  Track your Packages
                   Sign up for FREE @
              https://informeddelivery.usps.com

          All sales final on stamps and postage.
         Refunds for guaranteed services only.
              Thank you for your business.

           Tell us about your experience.
        Go to: https://postalexperience.com/pos?nt=9
                or call 1-800-410-7420.
```

------------------------------------------------------

```
UFN: 120044-0384
Receipt #: 840-53000514-1-5595089-2
Clerk: 06
```

Privacy Act **Statement:** Your information will be used to provide you with an electronic receipt for your purchase transaction via email. Collection is authorized by 39 USC 401, 403, and 404. Providing the information is voluntary, but if not provided, we will be unable to process your request to receive an electronic receipt. We do not disclose your information to third parties without your consent, except to facilitate the transaction, to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to financial entities regarding financial transaction issues; to a U.S. Postal Service auditor; to entities, including law enforcement, as required by law or in legal proceedings; to contractors and other entities aiding us to fulfill the service (service providers); to process servers; to domestic government agencies if needed as part of their duties; and to a Foreign government agency for violations and alleged violations of law. For more information on our privacy policies visit www.usps.com/privacypolicy.

This is an automated email. Please do not reply to this message. This message is for the designated recipient only and may contain privileged, proprietary, or otherwise private information. If you have received it in error, please delete. Any other use of this email by you is prohibited.

# USPS Tracking®

FAQs >

**Tracking Number:**                                                                                                         Remove ✕

## 70203160000045379845

Copy        Add to Informed Delivery
(https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to the front desk, reception area, or mail room at 1:22 pm on August 4, 2022 in ATLANTA, GA 30303.

● **Delivered**
**Delivered, Front Desk/Reception/Mail Room**
ATLANTA, GA 30303
August 4, 2022, 1:22 pm

● **Out for Delivery**
ATLANTA, GA 30303
August 4, 2022, 8:50 am

● **Arrived at Post Office**
ATLANTA, GA 30303
August 4, 2022, 8:39 am

● **In Transit to Next Facility**
August 3, 2022

● **Arrived at USPS Regional Facility**
ATLANTA GA DISTRIBUTION CENTER
August 2, 2022, 4:39 am

● **Arrived at USPS Regional Facility**
ATLANTA NORTH METRO DISTRIBUTION CENTER
August 1, 2022, 9:30 pm

● **USPS in possession of item**
ACWORTH, GA 30102
August 1, 2022, 4:23 pm

● **Hide Tracking History**

Feedback

---

**Text & Email Updates**                                                                                                    ⌄

**USPS Tracking Plus®**                                                                                                      ⌄

**Product Information**                                                                                                      ⌄

# EXHIBIT B

# STATE OF GEORGIA

## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**ANNUAL REGISTRATION**

*Electronically Filed*
Secretary of State
Filing Date: 1/29/2020 9:45:47 AM

### BUSINESS INFORMATION

| | |
|---|---|
| **CONTROL NUMBER** | 08042721 |
| **BUSINESS NAME** | OCEANSIDE MORTGAGE COMPANY |
| **BUSINESS TYPE** | Foreign Profit Corporation |
| **EFFECTIVE DATE** | 01/29/2020 |
| **ANNUAL REGISTRATION PERIOD** | 2020, 2021, 2022 |

### PRINCIPAL OFFICE ADDRESS

| | |
|---|---|
| **ADDRESS** | 55 Main Street, Toms River, NJ, 08753, USA |

### REGISTERED AGENT

| **NAME** | **ADDRESS** | **COUNTY** |
|---|---|---|
| INCORP SERVICES, INC | 2000 RIVERIDGE PKWYSTE 885, ATLANTA, GA, 30328, USA | Fulton |

### OFFICERS INFORMATION

| **NAME** | **TITLE** | **ADDRESS** |
|---|---|---|
| Steven Stone | SECRETARY | 39 Cove Rd, Bayville, NJ, 08721, USA |
| DAVID STONE | CEO | 1 BRENTWOOD DRIVE NORTH, Colts Neck, NJ, 07722, USA |
| STEVEN STONE | CFO | 39 Cove Rd, Bayville, NJ, 08721, USA |

### AUTHORIZER INFORMATION

| | |
|---|---|
| **AUTHORIZER SIGNATURE** | Julie Coller |
| **AUTHORIZER TITLE** | Authorized Person |

# STATE OF GEORGIA

## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**Annual Registration**

*Electronically Filed*
Secretary of State
Filing Date: 03/11/2022 16:44:35

### BUSINESS INFORMATION

| | |
|---|---|
| **BUSINESS NAME** | : ServiceMac, LLC |
| **CONTROL NUMBER** | : 18014910 |
| **BUSINESS TYPE** | : Foreign Limited Liability Company |
| **JURISDICTION** | : Delaware |
| **ANNUAL REGISTRATION PERIOD** | : 2022 |

### BUSINESS INFORMATION CURRENTLY ON FILE

| | |
|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : 9726 Old Bailes Road, Suite 200, Fort Mill, SC, 29707, USA |
| **REGISTERED AGENT NAME** | : CORPORATE CREATIONS NETWORK INC. |
| **REGISTERED OFFICE ADDRESS** | : 2985 GORDY PARKWAY, 1ST FLOOR, Marietta, GA, 30006, USA |
| **REGISTERED OFFICE COUNTY** | : Cobb |

### UPDATES TO ABOVE BUSINESS INFORMATION

| | |
|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : 9726 Old Bailes Road, Suite 200, Fort Mill, SC, 29707, USA |
| **REGISTERED AGENT NAME** | : CORPORATE CREATIONS NETWORK INC. |
| **REGISTERED OFFICE ADDRESS** | : 2985 GORDY PARKWAY, 1ST FLOOR, Marietta, GA, 30006, USA |
| **REGISTERED OFFICE COUNTY** | : Cobb |

### AUTHORIZER INFORMATION

| | |
|---|---|
| **AUTHORIZER SIGNATURE** | : Robert Caruso |
| **AUTHORIZER TITLE** | : Manager |

# EXHIBIT C

Deed Book 12768 Pg 1933
Filed and Recorded 06/01/20 8:11:00 AM
2020-0063466
Rebecca Keaton
Clerk of Superior Court
Cobb County, GA
Participant IDs: 9562359654
7067927936

**GEORGIA**

COUNTY OF **COBB**

WHEN RECORDED MAIL TO: **ATTN: ASSIGNMENT DEPARTMENT, JPMORGAN CHASE BANK, N.A. C/O FIRST AMERICAN MORTGAGE SOLUTIONS, 1795 INTERNATIONAL WAY, IDAHO FALLS, ID 83402,** PH. **(208) 528-9895**

# CORPORATE ASSIGNMENT

FOR VALUE RECEIVED, **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, S/B/M CHASE HOME FINANCE LLC, S/B/M TO CHASE MANHATTAN MORTGAGE CORPORATION,** located at **700 KANSAS LANE, MC 8000, MONROE, LA 71203,** Assignor, does this day transfer, assign, convey, and deliver unto **SERVICEMAC, LLC ITS SUCCESSORS AND/OR ASSIGNS,** located at **9726 OLD BAILES RD, SUITE 200, FT. MILL, SC 29707,** Assignee, its successors, representatives, and assigns, all of Assignor's right, title, and interest in and to that certain Security Deed in the principal sum of **$98,777.00,** dated **JULY 27, 1999,** executed by **SAMMY L NORRIS, MARRIED,** Original Grantor, to **CHASE MANHATTAN MORTGAGE CORPORATION,** Original Grantee, and filed for record and recorded on **AUGUST 04, 1999** in Deed Book **12768** at Page **21** as Instrument No. **1999-0129425** in the Office of the Clerk of the Superior Court in the County of **COBB,** State of **GEORGIA.**

## AS DESCRIBED IN SAID SECURITY DEED

The Assignor herein specifically transfers, conveys and assigns to the above Assignee, its successors, representatives, and assigns the aforesaid Security Deed, the property described therein, together with all the powers, options, rights, privileges, and immunities contained therein on the undersigned.

Page 1 of 2

1934
Rebecca Keaton
Clerk of Superior Court

IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed this _05-26-2000_.

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, S/B/M CHASE HOME FINANCE LLC, S/B/M TO CHASE MANHATTAN MORTGAGE CORPORATION**

Name: _Candiss Brown_

Title: _Vice President_

_MARKAYA EATON_ , Witness

_Teisha C Merrell_ , Witness

STATE OF **LOUISIANA**     PARISH OF **OUACHITA**     ) ss.

SIGNED, SEALED, AND DELIVERED in the presence of the below named Notary Public, as an official witness and below named unofficial witness, on _05-26-2000_, by ___Candiss Brown___ , ___Vice President___ , of **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, S/B/M CHASE HOME FINANCE LLC, S/B/M TO CHASE MANHATTAN MORTGAGE CORPORATION**:

Notary Public/Official Witness:

_Katrina Marie Johnson_     (COMMISSION EXP.
_Lifetime_    )
NOTARY PUBLIC
ID OR BAR ROLL NUMBER: _68375_

CH8070117IM - AM - GA
LOAN NO.: 1347005786

Page 2 of 2

320
Filed and Recorded 5/29/2020 3:50:00 PM
2020-0063103
Rebecca Keaton
Clerk of Superior Court
Cobb County, GA
Participant IDs: 9562359654
7067927936

**GEORGIA**

COUNTY OF **COBB**
LOAN NO.:
NEW LOAN NO.: **1014011619**
[M-550C GNMA MSR BULK 1]
WHEN RECORDED MAIL TO: ATTN: ASSIGNMENT DEPARTMENT, JPMORGAN CHASE BANK, N.A. C/O FIRST AMERICAN
MORTGAGE SOLUTIONS, 1795 INTERNATIONAL WAY, IDAHO FALLS, ID 83402, PH. (208) 528-9895

# CORPORATE ASSIGNMENT

FOR VALUE RECEIVED, **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**, located at **700 KANSAS LANE, MC 8000, MONROE, LA 71203**, Assignor, does this day transfer, assign, convey, and deliver unto **SERVICEMAC, LLC ITS SUCCESSORS AND/OR ASSIGNS**, located at **9726 OLD BAILES RD, SUITE 200, FT. MILL, SC 29707**, Assignee, its successors, representatives, and assigns, all of Assignor's right, title, and interest in and to that certain Security Deed in the principal sum of **$158,047.00**, dated **SEPTEMBER 26, 2016**, executed by **TAURUS Y. BONES AND ANGELIQUE FRAZER-BONES, AS JOINT TENANTS WITH SURVIVORSHIP, FOR AND DURING THEIR JOINT LIVES, AND UPON THE DEATH OF EITHER OF THEM, THEN TO THE SURVIVOR OF THEM**, Original Grantor, to **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**, Original Grantee, and filed for record and recorded on **OCTOBER 13, 2016** in Deed Book **15383** at Page **4547** as Instrument No. **2016-0124472** in the Office of the Clerk of the Superior Court in the County of **COBB**, State of **GEORGIA**.

## AS DESCRIBED IN SAID SECURITY DEED

The Assignor herein specifically transfers, conveys and assigns to the above Assignee, its successors, representatives, and assigns the aforesaid Security Deed, the property described therein, together with all the powers, options, rights, privileges, and immunities contained therein on the undersigned.

Rebecca Keaton
Clerk of Superior Court

IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed this _05-26-200_.

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

Name: **Candiss Brown**

Title: **Vice President**

MARKEAYA EATON , Witness

Leisha C Merrell , Witness

STATE OF **LOUISIANA**        PARISH OF **OUACHITA**        ) ss.

SIGNED, SEALED, AND DELIVERED in the presence of the below named Notary Public, as an official witness and below named unofficial witness, on _05-26-2020_ by **Candiss Brown** , **Vice President** , of **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**:

Notary Public/Official Witness:

Katrina Marie Johnson
(COMMISSION EXP. Lifetime, )

NOTARY PUBLIC

ID OR BAR ROLL NUMBER: _68375_

KATRINA MARIE JOHNSON
NOTARY
68375
LIFETIME COMMISSION • OUACHITA PARISH, LA
PUBLIC

Page 2 of 2

Filed and Recorded 06/18/20 12:09:00 PM
2020-0072290
Rebecca Keaton
Clerk of Superior Court
Cobb County, GA
Participant IDs: 9562359654
7067927936

**GEORGIA**

COUNTY OF **COBB**

WHEN RECORDED MAIL TO: ATTN: ASSIGNMENT DEPARTMENT, JPMORGAN CHASE BANK, N.A. C/O FIRST AMERICAN MORTGAGE SOLUTIONS, 1795 INTERNATIONAL WAY, IDAHO FALLS, ID 83402, PH. (208) 528-9895

# CORPORATE ASSIGNMENT

FOR VALUE RECEIVED, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, located at 700 KANSAS LANE, MC 8000, MONROE, LA 71203, Assignor, does this day transfer, assign, convey, and deliver unto SERVICEMAC, LLC ITS SUCCESSORS AND/OR ASSIGNS, located at 9726 OLD BAILES RD, SUITE 200, FT. MILL, SC 29707, Assignee, its successors, representatives, and assigns, all of Assignor's right, title, and interest in and to that certain Security Deed in the principal sum of $105,056.00, dated NOVEMBER 30, 2016, executed by RONALD E. REID A/K/A RONALD EDWARD REID, SINGLE MAN, Original Grantor, to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, Original Grantee, and filed for record and recorded on DECEMBER 22, 2016 in Deed Book 15404 at Page 5361 as Instrument No. 2016-0153226 in the Office of the Clerk of the Superior Court in the County of COBB, State of GEORGIA.

**AS DESCRIBED IN SAID SECURITY DEED**

The Assignor herein specifically transfers, conveys and assigns to the above Assignee, its successors, representatives, and assigns the aforesaid Security Deed, the property described therein, together with all the powers, options, rights, privileges, and immunities contained therein on the undersigned.

IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed this **06-15-2020**
**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

Name: _____ Jessica Hill _____,
Title: _____ **Vice President** _____

_____ David Lawson _____, Witness

_____ Candiss Brown _____, Witness

**STATE OF LOUISIANA**        **PARISH OF OUACHITA**        ) ss.

SIGNED, SEALED, AND DELIVERED in the presence of the below named Notary Public, as an official witness and below named
unofficial witness, on **06-15-2020** by _____ **Jessica Hill** _____, _____ **Vice President** of
**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION:**

Notary Public/Official Witness:

_____ Vicki C. Knighten _____ (COMMISSION EXP.
*Lifetime*)
NOTARY PUBLIC
ID OR BAR ROLL NUMBER: **54231**

VICKI C. KNIGHTEN
Ouachita Parish, Louisiana
LIFETIME COMMISSION
NOTARY ID #54231

Deed Book 15858 Page 3247
Filed and Recorded 01/27/21 4:07:00
2021-0012298
Connie Taylor
Clerk of Superior Court
Cobb County, GA
Participant IDs: 6222132834
0848497841

**GEORGIA**

COUNTY OF **COBB**
LOAN NO.:

WHEN RECORDED MAIL TO: ATTN: **KATIE OLSON, FIRST AMERICAN MORTGAGE SOLUTIONS, 1795 INTERNATIONAL WAY,
IDAHO FALLS, ID 83402,** PH. **208-528-9895**

# CORPORATE ASSIGNMENT

FOR VALUE RECEIVED, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS GRANTEE, AS
NOMINEE FOR OCEANSIDE MORTGAGE COMPANY, ITS SUCCESSORS AND ASSIGNS,** located at **P.O. BOX 2026,
FLINT, MICHIGAN 48501-2026,** Assignor, does this day transfer, assign, convey, and deliver unto **OCEANSIDE MORTGAGE
COMPANY,** located at **55 MAIN ST, TOMS RIVER, NJ 08753,** Assignee, its successors, representatives, and assigns, all of
Assignor's right, title, and interest in and to that certain Security Deed in the principal sum of **$221,990.00,** dated **JUNE 22, 2019,**
executed by **DEVANTE HILL, AN UNMARRIED MAN,** Original Grantor, to **MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. ("MERS"), AS GRANTEE, AS NOMINEE FOR OCEANSIDE MORTGAGE COMPANY, ITS
SUCCESSORS AND ASSIGNS,** Original Grantee, and filed for record and recorded on **JULY 01, 2019** in Deed Book **15642** at
Page **3486** as Instrument No. **2019-0074678** in the Office of the Clerk of the Superior Court in the County of **COBB,** State of
**GEORGIA.**

### AS DESCRIBED IN SAID DEED OF TRUST

The Assignor herein specifically transfers, conveys and assigns to the above Assignee, its successors, representatives, and assigns the
aforesaid Security Deed, the property described therein, together with all the powers, options, rights, privileges, and immunities
contained therein on the undersigned.

- AM - GA                                Page 1 of 2                    MIN:

**MERS PHONE: 1-888-679-6377**

Deed Book 15858 Page 3248
Connie Taylor
Clerk of Superior Court

IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed this **JANUARY 27, 2021**.
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS GRANTEE, AS NOMINEE FOR OCEANSIDE MORTGAGE COMPANY, ITS SUCCESSORS AND ASSIGNS**

**KATIE OLSON, VICE PRESIDENT**

**STATE OF IDAHO**          **COUNTY OF BONNEVILLE**          ) ss.

SIGNED, SEALED, AND DELIVERED in the presence of the below named Notary Public, as an official witness and below named unofficial witness, on **JANUARY 27, 2021**, by **KATIE OLSON, VICE PRESIDENT**, of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS GRANTEE, AS NOMINEE FOR OCEANSIDE MORTGAGE COMPANY, ITS SUCCESSORS AND ASSIGNS:**

Notary Public/Official Witness:

**SHIRLEY LEDVINA (COMMISSION EXP. 06/23/2026)**
NOTARY PUBLIC

Unofficial Witness:

**DONNA STACK**, Witness

SHIRLEY LEDVINA
Notary Public - State of Idaho
Commission Number 20202181
My Commission Expires Jun 23, 2026

**M - AM - GA**
LOAN NO.:

Page 2 of 2

FILED FOR RECORD
BOOK ___492___
PAGE ___575___

2018 DEC 20 P 3: 24

JANIS B. REDDICK
CLERK OF COURT
SCREVEN COUNTY GA

**GEORGIA**

COUNTY OF SCREVEN
LOAN NO.:
WHEN RECORDED MAIL TO: ATTN: Earl Cooper , Oceanside Mortgage Company
50 South Broad Street, Suite 100A , Meriden CT 06450 , PH.
800-549-0704

# CORPORATE ASSIGNMENT

FOR VALUE RECEIVED, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS NOMINEE FOR OCEANSIDE MORTGAGE COMPANY, ITS SUCCESSORS AND ASSIGNS, Assignor, does this day transfer, assign, convey, and deliver unto OCEANSIDE MORTGAGE COMPANY, located at P.O. BOX 2026, FLINT, MICHIGAN 48501-2026, Assignor, does this day transfer, assign, convey, and deliver unto OCEANSIDE MORTGAGE COMPANY, located at 500 SOUTH BROAD STREET SUITE 100A, MERIDEN, CT 06450, Assignee, its successors, representatives, and assigns, all of Assignor's right, title, and interest in and to that certain Security Deed in the principal sum of $98,338.00, dated AUGUST 31, 2018, executed by AARON D DIXON A/K/A AARON DIXON, A MARRIED MAN, AS HIS SOLE AND SEPARATE PROPERTY, Original Grantor, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS NOMINEE FOR OCEANSIDE MORTGAGE COMPANY, ITS SUCCESSORS AND ASSIGNS, Original Grantee, and filed for record and recorded on SEPTEMBER 10, 2018 in Deed Book 490 at Page 223 in the Office of the Clerk of the Superior Court in the County of SCREVEN, State of GEORGIA.

**AS DESCRIBED IN SAID SECURITY DEED**

The Assignor herein specifically transfers, conveys and assigns to the above Assignee, its successors, representatives, and assigns the aforesaid Deed of Trust, the property described therein, together with all the powers, options, rights, privileges, and immunities contained therein on the undersigned.

IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed this __12/12/2018__.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS NOMINEE FOR OCEANSIDE MORTGAGE COMPANY, ITS SUCCESSORS AND ASSIGNS

Name: Earl Cooper , ASSISTANT SECRETARY

STATE OF Connecticut    COUNTY OF New Haven    ) ss.

SIGNED, SEALED, AND DELIVERED in the presence of the below named Notary Public, as an official witness and below named unofficial witness, on __12/12/2018__, by Earl Cooper , ASSISTANT SECRETARY of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS NOMINEE FOR OCEANSIDE MORTGAGE COMPANY, ITS SUCCESSORS AND ASSIGNS:

Notary Public/Official Witness:    Unofficial Witness:

__7/31/2022__ (COMMISSION EXP.)    Brittany Chacon Witness

NOTARY PUBLIC

Page 1 of 1    MIN:
MERS PHONE: 1-888-679-0577

1R 030367

RECORDED 07/06/2021 11:02 AM          Recpt:008624
ASSIGNMENT
DEED BOOK 2519 PAGES 450 - 451
FILING FEES: $25.00
Janie J. Jones, Superior Court Clerk, Barrow County, GA

**GEORGIA**

COUNTY OF **BARROW**
LOAN NO.:

WHEN RECORDED MAIL TO: ATTN: **KATIE OLSON, FIRST AMERICAN MORTGAGE SOLUTIONS, 1795 INTERNATIONAL WAY, IDAHO FALLS, ID 83402,** PH. **208-528-9895**

# CORPORATE ASSIGNMENT

FOR VALUE RECEIVED, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS GRANTEE, AS NOMINEE FOR OCEANSIDE MORTGAGE COMPANY, ITS SUCCESSORS AND ASSIGNS,** located at **P.O. BOX 2026, FLINT, MICHIGAN 48501-2026,** Assignor, does this day transfer, assign, convey, and deliver unto **OCEANSIDE MORTGAGE COMPANY,** located at **55 MAIN ST, TOMS RIVER, NJ 08753,** Assignee, its successors, representatives, and assigns, all of Assignor's right, title, and interest in and to that certain Security Deed in the principal sum of **$113,119.00,** dated **NOVEMBER 29, 2016,** executed by **WAYNE D SUMMERS, A/K/A WAYNE DAVID SUMMERS, A MARRIED MAN, AS HIS SOLE AND SEPARATE PROPERTY,** Original Grantor, to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS GRANTEE, AS NOMINEE FOR OCEANSIDE MORTGAGE COMPANY, ITS SUCCESSORS AND ASSIGNS,** Original Grantee, and filed for record and recorded on **DECEMBER 12, 2016** in Deed Book **01995** at Page **0769** in the Office of the Clerk of the Superior Court in the County of **BARROW,** State of **GEORGIA.**

**AS DESCRIBED IN SAID DEED OF TRUST**

The Assignor herein specifically transfers, conveys and assigns to the above Assignee, its successors, representatives, and assigns the aforesaid Security Deed, the property described therein, together with all the powers, options, rights, privileges, and immunities contained therein on the undersigned.

Page 1 of 2                    MIN:

                               MERS PHONE: 1-888-679-6377

# EXHIBIT D

# Closing Disclosure

*This form is a statement of final loan terms and closing costs.*
*Compare this document with your Loan Estimate.*

## Closing Information

| | |
|---|---|
| Date Issued | 06/20/2019 |
| Closing Date | 06/22/2019 |
| Disbursement Date | 06/27/2019 |
| Settlement Agent | Stone Law, P.C. |
| File # | 19-101199 |
| Property | 4920 Pippin Dr NW |
| | Acworth, GA 30101 |
| Estimated Prop. Value | $225,000.00 |

## Transaction Information

**Borrower** DeVante Hill
4920 Pippin Dr NW
Acworth, GA 30101-3477

**Seller**

**Lender** Oceanside Mortgage Company

## Loan Information

| | |
|---|---|
| Loan Term | 30 years |
| Purpose | Refinance |
| Product | Fixed Rate |
| Loan Type | ☐ Conventional ☑ FHA |
| | ☐ VA ☐ _____ |
| Loan ID # | 2019-03805 |
| MIC # | 106-1962908-703 |

## Loan Terms

| | | Can this amount increase after closing? |
|---|---|---|
| Loan Amount | $221,990 | NO |
| Interest Rate | 3.875% | NO |
| Monthly Principal & Interest *See Projected Payments below for your Estimated Total Monthly Payment* | $1,043.88 | NO |
| | | **Does the loan have these features?** |
| Prepayment Penalty | | NO |
| Balloon Payment | | NO |

## Projected Payments

| Payment Calculation | Years 1-30 |
|---|---|
| Principal & Interest | $1,043.88 |
| Mortgage Insurance | + 153.27 |
| Estimated Escrow *Amount can increase over time* | + 237.56 |
| **Estimated Total Monthly Payment** | **$1,434.71** |

| Estimated Taxes, Insurance & Assessments *Amount can increase over time* *See Page 4 for details* | $237.56 a month | This estimate includes: ☑ Property Taxes ☑ Homeowner's Insurance ☐ Other: *See Escrow Account on page 4 for details. You must pay for other property costs separately.* | In escrow? YES YES |
|---|---|---|---|

## Costs at Closing

| | | |
|---|---|---|
| Closing Costs | $6,762.99 | Includes $3,818.01 in Loan Costs + $2,944.98 in Other Costs - $0.00 in Lender Credits. *See page 2 for details.* |
| Cash to Close | $1,542.70 | Includes Closing Costs. *See Calculating Cash to Close on page 3 for details.* |



# Closing Cost Details

| Loan Costs | | Borrower-Paid | | Seller-Paid | | Paid by Others |
|---|---|---|---|---|---|---|
| | | At Closing | Before Closing | At Closing | Before Closing | |
| **A. Origination Charges** | | $0.00 | | | | |
| 01 _____% of Loan Amount (Points) | | | | | | |
| 02 | | | | | | |
| 03 | | | | | | |
| 04 | | | | | | |
| 05 | | | | | | |
| 06 | | | | | | |
| 07 | | | | | | |
| 08 | | | | | | |
| **B. Services Borrower Did Not Shop For** | | $3,818.01 | | | | |
| 01 Credit Report Fee | to Universal Credit Services, Inc. | | | | | (L) 5.51 |
| 02 Flood Certification | to CoreLogic | | | | | (L) 8.50 |
| 03 Title - Closing Coordination Fee | to Orchard Street Settlements LLC | | | | | (L) 485.00 |
| 04 Title - Closing Protection Letter - Lender to Orchard Street Settlements LLC | | | | | | (L) 50.00 |
| 05 Title - Lenders Title Insurance | to Orchard Street Settlements LLC | | | | | (L) 621.10 |
| 06 Title - Settlement Fee | to Stone Law, P.C. | | | | | (L) 90.00 |
| 07 Title - Title Examination | to Orchard Street Settlements LLC | | | | | (L) 100.00 |
| 08 Up-Front Mortgage Insurance Premium to US Dept of Housing and Urban Develop | | 3,818.01 | | | | |
| **C. Services Borrower Did Shop For** | | $0.00 | | | | |
| 01 | | | | | | |
| 02 | | | | | | |
| 03 | | | | | | |
| 04 | | | | | | |
| 05 | | | | | | |
| 06 | | | | | | |
| 07 | | | | | | |
| 08 | | | | | | |
| **D. TOTAL LOAN COSTS (Borrower-Paid)** | | $3,818.01 | | | | |
| Loan Costs Subtotals (A + B + C) | | 3,818.01 | | | | |

| Other Costs | | | | | | |
|---|---|---|---|---|---|---|
| **E. Taxes and Other Government Fees** | | $0.00 | | | | |
| 01 Recording Fees | Deed: Mortgage:$46.00 | | | | | (L) 46.00 |
| 02 State Mortgage Tax/Stamp Fee to Cobb County Clerk of Superior Court | | | | | | (L) 666.00 |
| 03 GRMA Fee | to Georgia | | | | | (L) 10.00 |
| **F. Prepaids** | | $1,238.27 | | | | |
| 01 Homeowner's Insurance Premium ( mo.) to HOMESITE | | 1,144.00 | | | | |
| 02 Mortgage Insurance Premium ( mo.) | | 0.00 | | | | |
| 03 Prepaid Interest ( $23.5674 per day from 06/27/2019 to 07/01/2019) | | 94.27 | | | | |
| 04 Property Taxes ( mo.) | | | | | | |
| 05 | | | | | | |
| **G. Initial Escrow Payment at Closing** | | $1,706.71 | | | | |
| 01 Homeowner's Insurance | $ 95.33 per month for 4 mo. | 381.32 | | | | |
| 02 Mortgage Insurance | $ 153.27 per month for 0 mo. | 0.00 | | | | |
| 03 Property Taxes | $ 142.23 per month for 12 mo. | 1,706.76 | | | | |
| 04 | | | | | | |
| 05 | | | | | | |
| 06 | | | | | | |
| 07 | | | | | | |
| 08 Aggregate Adjustment | | -381.37 | | | | |
| **H. Other** | | $0.00 | | | | |
| 01 | | | | | | |
| 02 | | | | | | |
| 03 | | | | | | |
| 04 | | | | | | |
| 05 | | | | | | |
| 06 | | | | | | |
| 07 | | | | | | |
| **I. TOTAL OTHER COSTS (Borrower-Paid)** | | $2,944.98 | | | | |
| Other Costs Subtotals (E + F + G + H) | | 2,944.98 | | | | |
| **J. TOTAL CLOSING COSTS (Borrower-Paid)** | | $6,762.99 | | | | |
| Closing Costs Subtotals (D + I) | | 6,762.99 | | | | |
| Lender Credits | | | | | | 2,082.11 |

## Calculating Cash to Close

Use this table to see what has changed from your Loan Estimate.

| | Loan Estimate | Final | Did this change? |
|---|---|---|---|
| Total Closing Costs (J) | $5,708.00 | $6,762.99 | YES  • See Total Loan Costs (D) and Total Other Costs (I) |
| Closing Costs Paid Before Closing | $0 | $0 | NO |
| Closing Costs Financed (Paid from your Loan Amount) | -$1,472.00 | -$1,426.14 | YES  • You included these Closing Costs in the loan amount, which increased the loan amount |
| Down Payment/Funds from Borrower | $0 | $0 | NO |
| Deposit | $0 | $0 | NO |
| Funds for Borrower | $0 | $0 | NO |
| Seller Credits | $0 | $0 | NO |
| Adjustments and Other Credits | -$3,430.00 | -$3,794.15 | YES  • See details in Sections K and L |
| Cash to Close | $806.00 | $1,542.70 | |

## Summaries of Transactions

Use this table to see a summary of your transaction.

| BORROWER'S TRANSACTION | | SELLER'S TRANSACTION | |
|---|---|---|---|
| K. Due from Borrower at Closing | $227,326.85 | M. Due to Seller at Closing | |
| 01 Sale Price of Property | | 01 Sale Price of Property | |
| 02 Sale Price of Any Personal Property Included in Sale | | 02 Sale Price of Any Personal Property Included in Sale | |
| 03 Closing Costs Paid at Closing (J) | $6,762.99 | 03 | |
| 04 To NATIONSTAR/MR COOPER to pay off Mortgage Loan | $220,563.86 | 04 | |
| Adjustments | | 05 | |
| 05 | | 06 | |
| 06 | | 07 | |
| 07 | | 08 | |
| Adjustments for Items Paid by Seller in Advance | | Adjustments for Items Paid by Seller in Advance | |
| 08 City/Town Taxes           to | | 09 City/Town Taxes           to | |
| 09 County Taxes              to | | 10 County Taxes              to | |
| 10 Assessments              to | | 11 Assessments              to | |
| 11                          to | | 12                          to | |
| 12                          to | | 13                          to | |
| 13                          to | | 14                          to | |
| 14                          to | | 15                          to | |
| 15                          to | | 16                          to | |
| L. Paid Already by or on Behalf of Borrower at Closing | $225,784.15 | N. Due from Seller at Closing | |
| 01 Deposit | | 01 Excess Deposit | |
| 02 Loan Amount | $221,990.00 | 02 Closing Costs Paid at Closing (J) | |
| 03 Existing Loan(s) Assumed or Taken Subject to | | 03 Existing Loan(s) Assumed or Taken Subject to | |
| 04 | | 04 Payoff of First Mortgage Loan | |
| 05 Seller Credit | | 05 Payoff of Second Mortgage Loan | |
| Other Credits | | 06 | |
| 06 Net Escrows From Payoff | $1,514.34 | 07 | |
| 07 | | 08 Seller Credit | |
| Adjustments | | 09 | |
| 08 MIP Refund | $2,279.81 | 10 | |
| 09 | | 11 | |
| 10 | | 12 | |
| 11 | | 13 | |
| Adjustments for Items Unpaid by Seller | | Adjustments for Items Unpaid by Seller | |
| 12 City/Town Taxes          to | | 14 City/Town Taxes          to | |
| 13 County Taxes             to | | 15 County Taxes             to | |
| 14 Assessments             to | | 16 Assessments             to | |
| 15                         to | | 17                         to | |
| 16                         to | | 18                         to | |
| 17                         to | | 19                         to | |
| CALCULATION | | CALCULATION | |
| Total Due from Borrower at Closing (K) | $227,326.85 | Total Due to Seller at Closing (M) | |
| Total Paid Already by or on Behalf of Borrower at Closing (L) | -$225,784.15 | Total Due from Seller at Closing (N) | |
| Cash to Close  ☑ From  ☐ To Borrower | $1,542.70 | Cash  ☐ From  ☑ To Seller | $0.00 |



# Additional Information About This Loan

## Loan Disclosures

### Assumption

If you sell or transfer this property to another person, your lender

☑ will allow, under certain conditions, this person to assume this loan on the original terms.

☐ will not allow assumption of this loan on the original terms.

### Demand Feature

Your loan

☐ has a demand feature, which permits your lender to require early repayment of the loan. You should review your note for details.

☑ does not have a demand feature.

### Late Payment

If your payment is more than *15* days late, we will charge a late fee of *4% of the over due payment*.

### Negative Amortization (Increase in Loan Amount)

Under your loan terms, you

☐ are scheduled to make monthly payments that do not pay all of the interest due that month. As a result, your loan amount will increase (negatively amortize), and your loan amount will likely become larger than your original loan amount. Increases in your loan amount lower the equity you have in this property.

☐ may have monthly payments that do not pay all of the interest due that month. If you do, your loan amount will increase (negatively amortize), and, as a result, your loan amount may become larger than your original loan amount. Increases in your loan amount lower the equity you have in this property.

☑ do not have a negative amortization feature.

### Partial Payments

Your lender

☐ may accept payments that are less than the full amount due (partial payments) and apply them to your loan.

☑ may hold them in a separate account until you pay the rest of the payment, and then apply the full payment to your loan.

☐ does not accept any partial payments.

If this loan is sold, your new lender may have a different policy.

### Security Interest

You are granting a security interest in

*4920 Pippin Dr NW*

*Acworth, GA 30101*

You may lose this property if you do not make your payments or satisfy other obligations for this loan.

### Escrow Account

***For now,*** your loan

☑ will have an escrow account (also called an "impound" or "trust" account) to pay the property costs listed below. Without an escrow account, you would pay them directly, possibly in one or two large payments a year. Your lender may be liable for penalties and interest for failing to make a payment.

| Escrow | | |
|---|---|---|
| Escrowed Property Costs over Year 1 | $4,689.96 | Estimated total amount over year 1 for your escrowed property costs:<br><br>Homeowner's Insurance, Property Taxes, Mortgage Insurance |
| Non-Escrowed Property Costs over Year 1 | $0.00 | Estimated total amount over year 1 for your non-escrowed property costs:<br><br>You may have other property costs. |
| Initial Escrow Payment | $1,706.71 | A cushion for the escrow account you pay at closing. See Section G on page 2. |
| Monthly Escrow Payment | $390.83 | The amount included in your total monthly payment. |

☐ will not have an escrow account because ☐ you declined it ☐ your lender does not offer one. You must directly pay your property costs, such as taxes and homeowner's insurance. Contact your lender to ask if your loan can have an escrow account.

| No Escrow | | |
|---|---|---|
| Estimated Property Costs over Year 1 | | Estimated total amount over year 1. You must pay these costs directly, possibly in one or two large payments a year. |
| Escrow Waiver Fee | | |

### *In the future,*

Your property costs may change and, as a result, your escrow payment may change. You may be able to cancel your escrow account, but if you do, you must pay your property costs directly. If you fail to pay your property taxes, your state or local government may (1) impose fines and penalties or (2) place a tax lien on this property. If you fail to pay any of your property costs, your lender may (1) add the amounts to your loan balance, (2) add an escrow account to your loan, or (3) require you to pay for property insurance that the lender buys on your behalf, which likely would cost more and provide fewer benefits than what you could buy on your own.



## Loan Calculations

| | |
|---|---|
| **Total of Payments.** Total you will have paid after you make all payments of principal, interest, mortgage insurance, and loan costs, as scheduled. | $412,866.44 |
| **Finance Charge.** The dollar amount the loan will cost you. | $191,024.94 |
| **Amount Financed.** The loan amount available after paying your upfront finance charge. | $217,929.22 |
| **Annual Percentage Rate (APR).** Your costs over the loan term expressed as a rate. This is not your interest rate. | 4.87% |
| **Total Interest Percentage (TIP).** The total amount of interest that you will pay over the loan term as a percentage of your loan amount. | 69.328% |

**Questions?** If you have questions about the loan terms or costs on this form, use the contact information below. To get more information or make a complaint, contact the Consumer Financial Protection Bureau at **www.consumerfinance.gov/mortgage-closing**

## Other Disclosures

**Appraisal**
If the property was appraised for your loan, your lender is required to give you a copy at no additional cost at least 3 days before closing. If you have not yet received it, please contact your lender at the information listed below.

**Contract Details**
See your note and security instrument for information about
- what happens if you fail to make your payments,
- what is a default on the loan,
- situations in which your lender can require early repayment of the loan, and
- the rules for making payments before they are due.

**Liability after Foreclosure**
If your lender forecloses on this property and the foreclosure does not cover the amount of unpaid balance on this loan,

☐ state law may protect you from liability for the unpaid balance. If you refinance or take on any additional debt on this property, you may lose this protection and have to pay any debt remaining even after foreclosure. You may want to consult a lawyer for more information.

☑ state law does not protect you from liability for the unpaid balance.

**Refinance**
Refinancing this loan will depend on your future financial situation, the property value, and market conditions. You may not be able to refinance this loan.

**Tax Deductions**
If you borrow more than this property is worth, the interest on the loan amount above this property's fair market value is not deductible from your federal income taxes. You should consult a tax advisor for more information.

## Contact Information

| | Lender | Mortgage Broker | Real Estate Broker (B) | Real Estate Broker (S) | Settlement Agent |
|---|---|---|---|---|---|
| **Name** | Oceanside Mortgage Company | | | | Stone Law, P.C. |
| **Address** | 55 Main St Toms River, NJ 08753 | | | | 18 Robbins St Toms River, NJ 08753 |
| **NMLS ID** | 80015 | | | | |
| **GA License ID** | 23337 | | | | 382799 |
| **Contact** | Michael J Kiley | | | | Christine Stone |
| **Contact NMLS ID** | 388845 | | | | |
| **Contact GA License ID** | 51242 | | | | 2663673 |
| **Email** | mkiley@ oceansidemortgage.net | | | | scheduling@ orcharddocs.com |
| **Phone** | (800) 910-1759 | | | | (609) 488-6680 |

## Confirm Receipt

By signing, you are only confirming that you have received this form. You do not have to accept this loan because you have signed or received this form.

_____     Date _____     Co-Applicant Signature _____     Date _____
DeVante Hill

CLOSING DISCLOSURE



| American Land Title Association | ALTA Settlement Statement - Borrower |
|---|---|
| | Adopted 05-01-2015 |

File No./Escrow No.:  19-101199
Officer/Escrow Officer: Christine Stone

Stone Law, P.C.
18 Robbins Street
Fl 2
Toms River, NJ 08753
(732) 444-6303

| | |
|---|---|
| Property Address: | 4920 PIPPIN DR NW<br>ACWORTH, GA  30101 (COBB)<br>(20001301790) |
| Borrower: | DEVANTE HILL<br>4920 Pippin Dr NW<br>Acworth, GA 30101 |
| Lender: | Oceanside Mortgage Company<br>55 Main Street, Toms River, NJ  08753 |
| Settlement Date: | 6/22/2019 |

| Description | Lender | Borrower Debit | Borrower Credit |
|---|---|---|---|
| **Deposits, Credits, Debits** | | | |
| Borrower Check from Oceanside Mortgage Company | | | $1,542.70 |
| Escrow Advance from Oceanside Mortgage Company | | | |
| Lender Credit from Oceanside Mortgage Company | | | |
| Net Escrow From Payoff from Mr. Cooper | | | $1,514.34 |
| MIP Credit from US Dept of Housing and Urban Development | | | $2,279.81 |
| **Payoffs** | | | |
| Net Payoff to Mr. Cooper | | $220,563.86 | |
| Principal: $221,042.15 | | | |
| Interest, 7/19/2019 to 7/1/2019 @$29.17/day: ($525.06) | | | |
| Late Fee: $46.77 | | | |
| Payoff 2nd (Buyer) to Mr. Cooper | | | |
| **New Loans** | | | |
| Loan Amount | | | $221,990.00 |
| Credit Report to Oceanside Mortgage Company (POC $5.51 by Oceanside Mortgage Company) | $5.51 | | |
| Flood certification to Orchard Street Settlements LLC (POC $8.50 by Oceanside Mortgage Company) | $8.50 | | |
| Prepaid Interest ( 23.5674 per day from 6/27/2019 to 7/1/2019 ) | | $94.27 | |
| Homeowner's Insurance Premium (  mo.) to GEICO Insurance Agency, Inc. | | $1,144.00 | |
| Homeowner's Insurance $95.33 per month for 4 mo. | | $381.32 | |
| Property Taxes    $142.23 per month for 12 mo. | | $1,706.76 | |
| Aggregate Adjustment | | -$381.37 | |
| Up-Front Mortgage Insurance Premium to US Dept of Housing and Urban Development | | $3,818.01 | |
| **Title Charges** | | | |
| Title - Lender's Title Insurance to Orchard Street Settlements LLC (POC $621.10 by Oceanside Mortgage Company) (Orchard Street Settlements LLC - Fidelity Remittance: $124.22) | $621.10 | | |
| Title - ALTA 8.1  Environmental Protection Lien Endorsement(s) to Orchard Street Settlements LLC | | | |
| Title - ALTA 9  Restrictions, Encroachments, Minerals Endorsement(s) to Orchard Street Settlements LLC | | | |
| Title - Settlement or closing fee to Stone Law, P.C. (POC $90.00 by Oceanside Mortgage Company) | $90.00 | | |
| Title - Closing Coordination Fee / Closing Services Fee to Orchard Street Settlements LLC (POC $485.00 by Oceanside Mortgage Company) | $485.00 | | |
| Title - Title Search / Examination Fee to Orchard Street Settlements LLC (POC $100.00 by Oceanside Mortgage Company) | $100.00 | | |
| Title - Closing Protection Letter to Orchard Street Settlements LLC (POC $50.00 by Oceanside Mortgage Company) (Orchard Street Settlements LLC - Fidelity Remittance: $50.00) | $50.00 | | |
| **Government Recording and Transfer Charges** | | | |
| Mortgage $46.00 (POC $46.00 by Oceanside Mortgage Company) | $46.00 | | |
| State Mortgage Tax/Stamps to Orchard Street Settlements LLC - Simplifile Recording (POC $666.00 by Oceanside Mortgage Company) | $666.00 | | |
| GRMA Fee to Oceanside Mortgage Company    $10.00 (POC $10.00 by Oceanside Mortgage Company) | $10.00 | | |
| | P.O.C. | Debit | Credit |
| **Subtotals** | $2,082.11 | $227,326.85 | $227,326.85 |
| Due From Borrower | | | $0.00 |
| **Totals** | $2,082.11 | $227,326.85 | $227,326.85 |

File # 19-101199
Printed on 6/21/2019 at 3:14 PM

**Acknowledgement**

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize Stone Law, P.C. to cause the funds to be disbursed in accordance with this statement.

BORROWER(S)

by: *Devante Hill*

DEVANTE HILL

SETTLEMENT COORDINATOR

Christine Stone

File # 19-101199
Printed on 6/21/2019 at 3:14 PM